BOUTALL, Judge.
This is an appeal from a judgment in favor of plaintiff, George H. Habisreitinger, and against defendants Bruce Hubble, Emmett Dupas, Sr., the New Orleans Police Department, through the City of New Orleans, and Travelers Insurance Company, in solido, in the amount of $697.00. Plaintiff brings this appeal alleging that the court erred in failing to grant an adequate award for loss of wages, pain and suffering.
The case arises from an automobile accident which occurred in the City of New Orleans, on June 1, 1970. The plaintiff was driving his taxicab between 10 and 15 miles per hour in the middle lane of Tulane Avenue near Charity Hospital. New Orleans Police Officers were investigating a nearby accident and had parked their police car in the left lane of Tulane Avenue. As plaintiff was approaching, Officer Hubble, a passenger in the right front seat of the police car, opened his right front door into plaintiff’s lane of travel, causing plaintiff’s vehicle to strike the door of the police car.
Following a trial on the merits, the trial court found the defendants to be negligent and cast judgment upon them in solido in the above mentioned amount. In this appeal, the question of negligence is not an issue. The sole issue presented before this court is whether the quantum awarded for *829 loss of wages and pain and suffering was adequate. We are of the opinion that the quantum awarded by the trial court is adequate.
Plaintiff contends that when his vehicle struck the door of the police car, the impact caused his automobile to stop suddenly and his body was thrown to the right thereby causing his neck and back to be strained. The doctor’s report was placed in evidence in lieu of his testimony. The doctor’s diagnostic impression was:
"1. A moderately severe strain of the right upper and middle trapezius, and the right supraspinalis muscles,
2. A moderately severe strain of the right rhomboid muscles, and the right inferior portion of the trapezius, and
3. A moderately severe strain of the right latissimos dorsi, particularly in the area below the right scapula.”
For these injuries, the doctor prescribed:
“Treatment: the patient is given analgesics, muscle relaxants, and diathermy to the right posterior shoulder and neck, and to the right posterior thorax.”
In view of the fact that the plaintiff was travelling only 10 to IS miles per hour, that he applied brakes and that he struck an open door, it is reasonable to conclude that the impact was slight. There was no damage to plaintiff’s taxi except a couple of nicks in the bumper and the door of the police car was bent. We are in agreement with the trial court that due to the low rate of impact it is difficult to conclude that plaintiff was as severely injured as he has stated, despite the report of the treating physician.
At the time of the accident plaintiff denied any injury. Then, when questioned about his passenger who was wearing a neck brace, he remarked: “I think my neck is going to start hurting.” Plaintiff continued driving his cab except for three days after the accident and has continued to do so without interruption. Although he claimed considerable loss of wages, he offered no proof thereof.
Our jurisprudence has often stated that the Courts of Appeal, as a reviewing authority, may alter the amount of a judgment, but should do so only in instances in which the trial court has abused its discretion in assessing damages. See Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Breaux v. State Farm Insurance Company, 267 So.2d 230 (La.App.3rd Circuit 1972). We find no abuse of discretion by the trial court in the present situation.
For the above reasons the court is of the opinion that an award of $350.00 in addition to the physician’s charge of $347.00 (mostly for diathermy) is adequate.
Affirmed.